(Decided March 21st, 1860.)

## Negro Ann Maria Cornish *vs.* The State.

The Act of 1858, ch. 324, provides, that if any free negro shall be convicted of feloniously taking and carrying away the personal goods of another, under the value of five dollars, "he shall be sentenced to be sold as a slave for a period of not less than two nor more than five years." A free negro was convicted of this offence, and sentenced to "be sold at public auction, by the sheriff, for the period of two years and six months from date, as a slave, *out of the State.*" HELD:

That this judgment was erroneous in directing the convict to be sold *"out of the State;"* the court has no power to superadd any other punishment to that prescribed by the Act of Assembly.

Error to the Criminal Court of Baltimore city.

The plaintiff in error (a free negro) was indicted for the larceny "of one mouseline-de-laine dress, of the value of two dollars, current money, and one muslin skirt of the value of one dollar, current money." Upon a verdict of guilty the court (STUMP, J.) sentenced the convict to "be sold at public auction, by the sheriff, for the period of two years and six months from date, as a slave, out of the State, according

to the provisions of the Act of 1858, ch. 324." To correct this judgment the present writ of error was sued out by the traverser.

The cause was argued before LE GRAND, C. J., ECCLES-TUCK and BARTOL, J.

*J. Morris Cochran* for the plaintiff in error.

The only question presented by this record is whether, upon conviction of a free negro, for larceny, the court is authorized to sentence the convict to be sold as a slave out of the State. The plaintiff in error contends that no punishment for crime other than that prescribed by law can be inflicted. 1 *Chitty's Crim. Law*, 710, 712. 4 *Bl. Comm.*, 377, 378. The Act of 1858, ch. 324, to "modify the punishment of free negroes, convicted of larceny and other crimes," enumerates eight distinct crimes, to each of which a different punishment is affixed. In five of them the court is authorised to sentence the negro convicted "*to be sold out of the State*," and in three of them to sentence him only "*to be sold as a slave*," for a specified term of years. The crime of which the plaintiff in error was convicted, is one of the three to which is appended the last mentioned penalty or punishment. It is obvious, therefore, that the court erred in passing the sentence that the plaintiff in error should be sold "*out of the State*," as shown by this record; that by passing it the court assumed a power not given to it by the Act of Assembly under which the conviction was obtained, and which power, is, by implication from the Act referred to, withheld. *Dwarris on Stat.*, 707. 8 *Barn. & Cress.*, 74, *Rex vs. Bolton.* 14 *Md. Rep.*, 412, *Watkins vs. The State.* Acts in derogation of the liberty of the subject should be strictly construed. 4 *Bing.*, 183, *Looker vs. Malcomb.* *Dwarris on Stat.*, 479. Upon the authorities cited, and particularly that of *Watkins vs. The State*, in which the precise point here suggested arose, it is submitted that the judgment in this case should be reversed

*Milton Whitney,* States Attorney for Baltimore city, for the State.

It will be noticed that the Act of 1858, ch. 324, does not embrace the crime of larceny, except for goods *"valued at five dollars and upwards,"* and in the case of *Watkins vs. The State,* Watkins was convicted of the larceny of a watch valued at six dollars, thus bringing his case under the provisions of that Act. This case is relied on by the plaintiff in error, but it is submitted it is not a case in point. It does not appear from the record in this case under what particula Act the convict was sentenced, and if there be any doubt as to whether she was sentenced under the Act of 1858, and it be found that that Act does not gratify the law, if there be a law which the sentence of the court will meet, the law will presume that she was sentenced in accordance with it. The Act of 1835, ch. 200, will gratify the sentence of the court, the provisions of which clearly give the court that power. Nothing appearing upon the record, but that she came within this last mentioned Act, the presumption must be in favor of the power exercised by the court; the general policy of the law has been to sell negroes convicted of crime out of the State, as will appear by reference to the several Acts on this subject. Acts of 1831, ch. 323, sec. 12, and 1835, ch. 200, sec. 3.

BARTOL, J., delivered the opinion of this court.

There is no essential difference between this case and that of *Watkins vs. The State,* decided at June Term 1859. (14 *Md. Rep.,* 412.)

In Watkins' case this court reversed the judgment because it was not in conformity with the requirements of the Act of Assembly. By the Act of 1858, ch. 324, sec. 1, the punishment prescribed for the offence of which Watkins had been convicted, was, that he should be *"sold at public auction as a slave,"* for a prescribed period, whereas the judgment of the court was that he should be sold as a slave for five years, *"out of the limits of the State."* Considering that judgment as being unauthorized by the law, it was reversed.

'That decision is conclusive of the question presented by this record.

The plaintiff in error was convicted of a crime within the *fifth clause* of the 1st section of the same Act. That clause provides that, "if any free negro shall be convicted hereafter, of feloniously taking and carrying away the personal goods of another person, under the value of five dollars, or," &c., &c., "*he shall be sentenced to be sold as a slave for a period of not less than two, nor more than five years.*" The judgment pronounced by the Criminal Court, as it is set out in the record is, "that the said Ann Maria Cornish be sold at public auction, by the sheriff, for the period of two years and six months from date, as a slave, *out of the State.*" This judgment is erroneous; the court has no power to superadd any other punishment to that prescribed by the Act of Assembly. There are some offences enumerated in the same Act for which the convict may be sentenced to be sold as a slave, "either within or without the State, according to the discretion of the court," but the offence of which the plaintiff in error was convicted is not one of them.

*Judgment reversed.*

(Decided March 21st, 1860.)